**Bland Mann WATERS, Petitioner,**

v.

**Louie L. WAINWRIGHT, Secretary, Department of Offender Rehabilitation, State of Florida, Respondent.**

**No. 75–947 Civ. T–K.**

United States District Court,
M. D. Florida,
Tampa Division.

Dec. 3, 1981.

Pierce J. Guard, Jr., Lakeland, Fla., for petitioner.

Richard G. Pippinger, Asst. Atty. Gen., Tampa, Fla., for respondent.

## ORDER INCLUDING FINDINGS

KRENTZMAN, Chief Judge.

In 1971 a state court jury found petitioner Bland Mann Waters guilty of breaking and entering a dwelling with intent to com-

mit a felony. The robbery was by four armed men who entered an occupied dwelling at night and forcibly took approximately eighty thousand dollars. Petitioner received a lengthy sentence.

In 1974 petitioner's Title 28, Section 2254 habeas petition in this Court was dismissed because he had not exhausted his state remedies. That having been accomplished he again filed in this Court in 1975 as a pauper. Process issued and Martin N. Stresler, Esquire was appointed to represent him.

A magistrate of this Court conducted a pre-evidentiary hearing and on June 23, 1976 filed a report and recommendation, marked Exhibit 1 and hereto attached.

On August 31, 1976 petitioner requested that Mr. Stresler be removed as his attorney because of his "negative attitude." On September 9, 1976 the Court denied this request, but on October 1, 1976 the Court granted Mr. Stresler's September 9 motion for leave to withdraw.

Walter Kelly, Esquire was then appointed to represent petitioner and a second pre-evidentiary conference was scheduled for January 12, 1977; that was continued, and on March 4, 1977 Mr. Kelly was allowed to withdraw because he had been appointed a Florida assistant attorney general.

On March 16, 1977 Pierce J. Guard, Jr., Esquire was appointed to represent petitioner and a supplemental pre-evidentiary hearing was held July 7, 1977. As a result, the magistrate filed his second report and recommendation dated July 11, 1977, Exhibit 2 attached hereto.

I scheduled an evidentiary hearing for February 24, 1978, issued all requested writs and subpoenas to assure the presence of petitioner and witnesses and conducted the hearing on that date. The proceedings were reported and I made notes as to the evidence produced. The petitioner and a fellow inmate, Frank Whitehead testified as did William Patrick Best and Cecil E. Cleveland, Jr. who had been jurors at his trial.

It was and is my opinion that Mr. Guard, the attorney for petitioner, is an able attorney and did the best he could for petitioner

under the circumstances. At the hearing it developed that the testimony of a Mr. Taylor, who was a co-defendant with petitioner in the state court case might be helpful to petitioner. Mr. Guard requested additional time to try to locate him. In addition, the marshal reported that he had been unable to serve a subpoena upon a Mildred Sellers who was in the hospital. I directed Mr. Guard to talk with Mrs. Sellers if possible and gave petitioner thirty days to file a written report as to whether a continued evidentiary hearing was desired.

A continued hearing was requested and held on October 27, 1978. On that date Mr. Guard, the attorney for the petitioner, reported that Mrs. Sellers died shortly after the last hearing and that the co-defendant Taylor, who had been on probation, had absconded and had recently been apprehended and was in the hospital with tuberculosis at the State Correctional Institution at Lantana which apparently is near Pompano Beach, Florida. He reported that he wanted to establish the unavailability of Mr. Taylor and then produce the hearsay testimony of Mr. Frank Whitehead to the effect that Mr. Taylor had told him that he had testified untruthfully at Mr. Waters' trial. I refused to accept the hearsay testimony of Mr. Whithead, although he was not present at the time to testify, and suggested to Mr. Guard that he either get the deposition testimony of Mr. Taylor or make an attempt to have Mr. Taylor present before me at a future date for the purpose of testifying.

Thereafter, on January 22, 1979, the deposition of William Keeth Taylor was filed and has been considered by the Court.

Upon consideration of the transcript of the state court proceeding, the entire proceeding in this Court, and the pleadings, memoranda and argument of the parties I find that petitioner has not established either of his contentions as outlined by the magistrate in his report and recommendation, Exhibit 1 hereto. Petitioner received a fair trial, has received due process and been deprived of no constitutional right. Decision has been delayed in an attempt to

give petitioner every opportunity to produce evidence with regard to his changing contentions.

The petition herein, having previously been dismissed, and the case reopened, is finally DISMISSED and the Clerk is directed to send a copy of this order to counsel and to petitioner and to enter judgment to that effect with each party to pay his and its costs and close this case.